**ORIGINAL**

1  MICHAEL W. DOTTS, Esq.
   O'Connor Berman Dotts & Banes
2  Second Floor, Nauru Building
   P.O. Box 501969
3  Saipan, MP 96950
   Telephone No. (670) 234-5684
4  Facsimile No. (670) 234-5683
5
6  *Attorneys for Defendant Mary Ann S. Milne*

7
                **IN THE UNITED DISTRICT COURT**
8            **FOR THE NORTHERN MARIANA ISLANDS**
9

| | |
|---|---|
| 10  TRANS PACIFIC EXPORT COMPANY, )<br>LLC, ) | CIVIL CASE NO. 05-0032 |
| 11                                )<br>Plaintiff,      ) | MEMORANDUM IN SUPPORT OF |
| 12                                )<br>vs.             ) | MOTION TO DISMISS |
| 13                                ) | |
| 14  MARY ANN S. MILNE,            ) | Date: December 29, 2005 |
| 15              Defendant.        )<br>                                ) | Time: 9:00 a.m.<br>Judge: Alex R. Munson |
| 16  _____ ) | |

17

18    Comes now the Defendant, by and through counsel, and pursuant to Federal Rules of

19  Civil Procedure 12(b)(1 and 7), moves this Court to dismiss the Plaintiff's Complaint.

20

21                                  **I.**

22                             **BACKGROUND**

23

24    Defendant Mary Ann S. Milne ("Mary Ann Milne" or "Ms. Milne") strongly contests the

25  accuracy and characterization of many of the "facts" as they are presented in Plaintiff's

26  Complaint. But for the purposes of this Motion, those facts are to be taken as true. The relevant

27  facts for deciding this Motion are as follows:

28

                                    1

(Top right stamp:)
FILED
Clerk
District Court

DEC -- 1 2005

For The Northern Mariana Islands
By_____
     (Deputy Clerk)

1.    Defendant has leasehold title to most of the property in issue and fee title to a portion of the property. *Complaint* at paras. 5-21.

2.    Defendant subleased the property to Basic Construction in 1990. *Id.* at para 13. The sublease was set to expire on January 31, 2005 but provided for an option to extend the sublease for an additional 25 years. *Id.* at Exhibit 1, sections 2 and 14.

3.    In October 2000, Basic Construction assigned its leasehold interests in the property to the Plaintiff. *Complaint* at para. 15.

4.    Plaintiff gave notice of exercise of its option to extend the sublease (*Id.* at para. 18) and began negotiating with the Defendant for new terms. As of April, 2005 (the date on Exhibit 3 to the Complaint), the Plaintiff and Defendant had not reached an agreement on the terms for a new lease. (*See* Exhibit 3 to the Complaint at page 13. It is unsigned).[1]

5.    At the same time that the Plaintiff was negotiating with the Defendant for a new lease, the Plaintiff was negotiating with Triple J Enterprises, Inc. ("Triple J") to purchase the lease. *Complaint* at para. 19.

6.    Triple J "is a corporation doing automotive business in the CNMI on leased property adjacent to" the property in issue here. *Id.*

---

[1] An issue in the litigation will be whether the efforts of the Plaintiff to obtain new terms for the lease from Defendant meant that Plaintiff had not exercised its option but had instead simply proposed a lease that was rejected.

2

7.    Plaintiff "notified" Triple J "of the extended lease" and "rental provisions." *Id.* at para. 23.

8.    On February 25, 2005, "Plaintiff received an offer from Triple J Ent. Inc. to purchase Plaintiff's interest in the property." *Id.* at para. 24.

9.    Plaintiff accepted Triple J's offer. *Id.*

10.    A dispute then arose between Plaintiff and Defendant as to whether the Defendant was entitled to "a 35% share of the net profit for the transfer of the demised premises to Triple J Ent. Inc." *Id.* at para. 26. (A section in the sublease provides for this payment to Defendant upon any assignment. *See Complaint* at Exhibit 1, section 10.) Triple J is then alleged to have *suspended* its efforts to obtain a lease of the property. *Id.* at para. 27.

11.    Plaintiff seeks as part of the relief in this case, a declaratory judgment that "there is no net profit on the contemplated assignment of the ground lease to Triple J Ent. Inc…" *Id.* at Prayer for Relief, pg. 18.

12.    And finally, part of what the Plaintiff is suing for is that:

Defendant's refusal to sign the extended sublease agreement has interfered with Plaintiff's contractual transaction with *Triple J* Ent., Inc.

*Complaint* at para. 50 (emphasis added).

3

2018-052225-PL-motion2dismiss-jom

On October 31, 2005, Plaintiff filed this action. The sole jurisdictional basis for bringing this case before this Court is diversity jurisdiction pursuant to 28 U.S.C. § 1332. Among various other claims, Plaintiff is alleging that Mary Ann Milne's actions have caused a compensable interference with the contract it formed with Triple J. However, Triple J, a party to this allegedly injured contract, was not joined as a plaintiff in this action. Despite Triple J's interest in the subject matter of this case, and Plaintiff's repeated recognition of its involvement in the facts leading up to the filing of this lawsuit, Plaintiff has not sought to include Triple J in this matter since to do so would render Plaintiff's sole basis for jurisdiction untenable and force this Court to dismiss this matter.

## II.

## ARGUMENT

This case should be dismissed as Plaintiff has failed to join a necessary and indispensable party whose presence would destroy diversity and divest this Court of jurisdiction over this matter. "Whether a non-party is 'indispensable' is determined by application of Federal Rule of Civil Procedure 19." *Virginia Sur. Co. v. Northrop Grumman Corp.*, 144 F.3d 1243, 1247 (9th Cir. 1998). Furthermore:

> [t]he application of Rule 19 entails a practical two-step inquiry. First, a court must determine whether an absent party should be joined as a "necessary party" under subsection (a). Second, if the court concludes that the nonparty is necessary and cannot be joined for practical or jurisdictional reasons, it must then determine under subsection (b) whether in "equity and good conscience" the action should be dismissed because the nonparty is "indispensable."

*Id.* Therefore, the first question in this analysis is whether Triple J is a "necessary party" under subsection (a) of Rule 19. As will be shown in Section A below, Triple J is "necessary."

4

**A.    Triple J is A "Necessary Party" Under Rule 19(a)**

Triple J is a necessary party because the ultimate relief sought is to provide Triple J with a lease from Mary Ann Milne or to recover damages for her alleged interference with a contract between the Plaintiff and Triple J. Rule 19 of the Federal Rules of Civil Procedure instructs that a party is "necessary" when that party:

> claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may ... leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

This threshold determination does not require that "the absent party must have an interest in the action. Instead, it requires only that he has an interest *relating to the subject matter of the action.*" *Burger King Corp. v. American Natl. Bank and Trust Co. of Chicago,* 111 F.R.D 672, 676 (N.D. Ill. 1988) (where a sublesee was deemed necessary and indispensable to a case where rights as between the main lessee and the lessor were at stake). Certainly, Triple J has an interest "relating to the subject matter of the action" since Triple J will ultimately end up with the sublease from Ms. Milne if the Plaintiff prevails (and with no sublease if May Ann Milne prevails). Consequently, Triple J is a "necessary party." Triple J's joinder is proper under Rule 19(a).

The *Burger King v. American Natl. Bank and Trust Co. of Chicago, supra.,* case is quite similar to the instant matter. The plaintiff there brought an action against its lessor "seeking a declaration of rights and obligations under its lease-by-assignment." *Id.* at 673. Again, quite similarly, the defendant in that case moved to dismiss "on the grounds that . . . [the] subtenant ... [was] an indispensable party plaintiff in [that] action whose joinder is not feasible because" to do so "would defeat the diversity jurisdiction of [that] court." *Id.* In analyzing this question, the *Burger King* Court determined that "where ownership or possessory interests in real estate,

5

personal property or intangible property is at issue, any party with a claim to a legally protected interest in the property is a potential Rule 19(a) party." *Id.* at 676. In that matter, the absent party was recognized to have protected rights under the sublease. *Id.* at 677.

Here, Plaintiff is claiming that Mary Ann Milne has wrongfully interfered in a legitimate contract concerning ownership interests in property *to which Triple J is a party. See* Plaintiff's Complaint at 7. If Plaintiff has a legally recognized and enforceable interests in the property in question (as it so strongly asserts) the other party to the contract - Triple J - must have interests as well. By Plaintiff's own allegations, Triple J has a legally protected interest in the property in question, and therefore, is a necessary party for joinder under Rule 19(a).

The first step of the analysis concludes that Triple J is a necessary party under Rule 19(a). Since the inclusion of Triple J will divest this Court of jurisdiction, the next step of the analysis is to determine if Triple J is an "indispensable party." *Virginia Sur. Co. v. Northrop Grumman Corp.*, 144 F. 3d at 1247.

**B.    Triple J Motors is An "Indispensable Party"**

Joinder of Triple J, no matter how necessary it may be, cannot be completed, as it would divest this Court of diversity jurisdiction. The addition of a party to a lawsuit via Rule 19 can destroy diversity jurisdiction as surely as if the Plaintiff had named the non-diverse party in its original Complaint. *See Patterson v. Winthrop-Breon Laboratories*, 115 F.R. D. 478,479-480 (E.D. Wash 1986). Here, it can not be disputed that Triple J is a domestic corporation organized under the laws of the Commonwealth of the Northern Mariana Islands with its principal place of business located on Saipan (right next door to the property it seeks to obtain from Mary Ann Milne, as a matter of fact). Since Mary Ann Milne is "a U.S. Citizen domiciled in and a citizen

6

of the Commonwealth of the Northern Mariana Islands"[2] the presence of Triple J would destroy diversity and eliminate the sole basis alleged in Plaintiff's Complaint for this Court to hear this case.

The text of Rule 19 provides the criteria under which a party will be judged to be or not to be "indispensable." Those criteria are:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.Pro. 19(b). Further clarifying this standard, the United States Supreme Court:

> characterizes these factors as inquiring into (1) the plaintiff's opportunity to proceed in an alternate forum; (2) the defendant's interest in avoiding inconsistent relief, multiple litigation; (3) the interests of the public and the courts in consistent, complete, and efficient settlement of cases, and (4) prejudice to the absent party.

*Expeditors International of Washington, Inc. v. Expeditors (Japan), Ltd.*, 224 F.R.D. 661, 666 (W.D.Wash. 2004) (citing to *Provident Tradesmens B & T Co. v. Patterson*, 390 U.S. 102, 109-11, (1968)).

Each of the four factors set forth in *Expeditors International* calls for dismissal of this case because Triple J is "indispensable."

### 1.    Plaintiff Can, And Should, Proceed In CNMI Superior Court

The first factor is whether there is another forum open to the Plaintiff. Nothing would stop Plaintiff from proceeding with its claims against Defendant in the Superior Court of the

---

[2] *See Complaint* at para. 2.

7

Commonwealth of the Northern Mariana Islands.  In fact, the Superior Court, being the court of general jurisdiction in the Commonwealth, is exactly the place where a contractual dispute involving non-diverse parties should be heard.   The Commonwealth Trial Courts Act, as amended, 1 CMC § 3001 *et seq.*, and specifically 1 CMC § 3202 grants original jurisdiction to the Superior Court for "all civil actions, in law and in equity" of which this dispute is one.

There is no federal interest in whether Triple J is entitled to a sublease from Mary Ann Milne. Since both Triple J and Ms. Milne are residents of this jurisdiction, there is no "home town advantage" one litigant may have over a foreigner for the District Court to protect against. This is the classic case for a local Superior Court to address. Two next-door neighbors argue over a sublease of real property.

The first of the four factors in determining whether a party is "indispensable" under Rule 19 is one of the most critical. *See Nike, Inc. v. Commercial Iberica de Exclusivas*, 20 F.3d 987 ((9th Cir. 1994) and *Virginia Sur. Co. v. Northrop Grumman Corp.*, 144 F.3d 1234, 1247 (9th Cir. 1998) (both in which the hypothetical addition of a non-diverse, but necessary defendant is recognized as divesting a Federal District Court of its power to hear a case) and *Anrig v. Ringsby United*, 603 F.2d 1319, 1326 (9th Cir.1978) (holding that the availability of another appropriate forum is one of the two paramount factors to consider).   Here, the factor clearly favors dismissal. The instant motion to dismiss should be granted.

## 2.  Adjudication Of This Matter In Triple J's Absence Could Result In Inconsistent Relief Or Multiple Litigation

The second factor is whether retaining jurisdiction by not requiring joinder could  expose the Defendant to inconsistent relief or multiple litigation. If this matter were to be disposed of in

8

the absence of Triple J, Mary Ann Milne could be exposed to inconsistent verdicts or double liability in any subsequent action brought by Triple J before the Commonwealth Superior Court.

The potential for multiple litigation here is illustrated by the factual allegations in Plaintiff's Complaint. Specifically, Plaintiff alleges that "[o]n February 25, 2005, Plaintiff received an offer from [Triple J] to purchase Plaintiff's interest in the [disputed] property" and that offer was "accepted by Plaintiff." Plaintiff's Complaint at 4. Furthermore, Plaintiff alleges that "as Plaintiff could not deliver an assignment of lease to [Triple J] on the terms [that Triple J expected], [Triple J] was suspending its efforts to obtain a leasehold interest in the property." *Id.* These factual allegations set the stage for a claim by Triple J for "interference with contract" in that Ms. Milne's "refusal to sign the extended sublease agreement has interfered with Plaintiff's contractual transaction with" Triple J. Plaintiff's Complaint at 7. Triple J could just as easily sue Mary Ann Milne for interfering with the same contract, but do so in the Superior Court.

Two lawsuits before two different courts over interference with the same contract present a clear threat of "inconsistent relief" and "multiple litigation." *Expeditors International, supra.* Triple J is an indispensable party to this action.

So then, the second of the four factors in this analysis also weighs for dismissal.

### 3. Judicial Economy Demands Dismissal Of The Instant Action

The third factor inquires whether in the interests of preserving the time, money and energy of both the parties to this action and the Court, this case should be dismissed and re-filed

9

in the Commonwealth Superior Court. Judicial efficiency is served when a case is dismissed where there exists a forum in which the plaintiff can seek redress and where the absent party can be joined as an additional plaintiff. *Expeditors International of Washington, Inc.*, 224 F.R.D. 661, 666 (W.D.Wash. 2004). As explained above, there exists a forum where all parties can be joined. The interest of judicial efficiency is served if all parties are joined in a single action filed in the Superior Court. This case should be dismissed.

As did the first two, the third factor in this analysis, therefore, favors dismissal.

### 4. Adjudication Of This Matter In Triple J's Absence Would Prejudice Triple J

The fourth and final factor asks: Should this matter be decided before this Court without the presence of Triple J, could it irrevocably prejudice any claims of Triple J as against Mary Ann Milne? The test for prejudice to the absent party is essentially the same as that to test under 19(a) to determine if a party is necessary to the action. *Confederated Tribes of Chehalis Indian Reservation v. Lujan,* 928 F.2d 1496, 1499 (9th Cir. 1991) (noting that if a party is necessary under 19(a) they are going to suffer some prejudice by the disposition of the matter and therefore this factor weighs in favor of dismissal). Here, as mentioned previously, many of the legal and factual issues in this case bear directly upon rights that Triple J could assert in the future. This means either that Ms. Milne is subject to multiple litigation or, if these factual and legal issues are disposed of by this Court, that Triple J could be entirely precluded from bringing an independent action against Defendant by the doctrine of *res judicata*. Since Triple J has a legally protected interest in the subject matter of this case, they will be prejudiced by its disposition in their absence.

2018-052225-PL-motion2dismiss-jom

This last, and one of the two most important factors in this analysis[3] demands dismissal.


### III.

### CONCLUSION


Plaintiff has attempted to preserve diversity jurisdiction by ignoring a necessary and indispensable party to the dispute. Triple J should be involved in this action as a plaintiff, but its involvement would remove the only jurisdictional claim that would give this Court the power to hear this matter.  Therefore, this Court should recognize this case for what it truly is -- a garden-variety landlord-tenant dispute between non-diverse parties that should properly be tried before the Superior Court.


Defendant's Motion to Dismiss should be granted.


Dated: December 1, 2005


Respectfully submitted,

O'CONNOR BERMAN DOTTS & BANES
Counsel for Defendant Mary Ann Milne


By: _____
Michael W. Dotts
(F0150)

---

[3] *Anrig v. Ringsby United*, 603 F.2d 1319, 1326 (9th Cir.1978) (holding that prejudice to the absent party is the other of the two most important of these four factors).

11