```
                                                            F I L E D
                                                               Clerk
                                                            District Court
SMITH & WILLIAMS
Attorneys at Law                                           DEC 15 2005
P.O. Box 5133 CHRB
Saipan, MP  96950                                    For The Northern Mariana Islands
Tel:   233-3334                                      By_____
Fax:   233-3336                                              (Deputy Clerk)
```

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TRANS PACIFIC EXPORT COMPANY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MARY ANN S. MILNE,<br><br>Defendant. | Civil Action No. CV-05-0032<br><br><br>**MEMORANDUM IN OPPOSITION OF MOTION TO DISMISS**<br><br><br>Date:   December 29, 2005<br>Time:  9:00 a.m.<br>Judge: Alex R. Munson |

# TABLE OF AUTHORITIES

| Cases | Page No. |
|---|---|
| *Aguilar v. Los Angeles County,* 751 F.2d 1089 (9th Cir. 1994). | 8 |
| *Allstate Insurance Company v. Hughes,* 358 F.3d 1089 (9th Cir. 2004) | 3 |
| *Anrig v. Ringsby United,* 603 F.2d 1319 (9th Cir 1978) | 12 |
| *Arkansas v. Texas,* 346 U.S. 368, 74 S.Ct. 109, 98 L.Ed 80 (1953) | 13 |
| *Arkwright-Boston Manufacturing Mutual Insurance Company v. New York,* 762 F.2d 205 (2nd Cir 1985). | 5 |
| *Associated Dry Goods Corp. v. Towers Financial Corp.,* 920 F. 2d 1121 (2nd Cir, 1990) | 11 |
| *Brewery District Society v. Federal Highway Administration,* 996 F. Supp. 750 (DC Ohio 1998) | 6 |
| *Brewery District Society v. Federal Highway Administration,* 996 F. Supp. 750 (DC Ohio 1998) | 8 |
| *Burger King Corporation v. American National Bank and Trust Company of Chicago,* 111 F.R.D. 672 (N.D. Ill. 1988) | 8 |
| *Challenge Homes, Inc. v. Greater Naples Care Center, Inc.,* 669 F.2d 667 (11th Cir. 1982) | 10 |
| *Confederated Tribes of Chehalis Indian Reservation v. Lujan,* 928 F. 2d 1496 (9th Cir. 1991). | 4 |
| *Davis Companies v. Emerald Casino, Inc.* 268 F.3d 477 (7th Cir. 2001) | 9 |
| *Dawavendewa v. Salt River Project Agriculture Improvement & Power District,* 276 F.3d 1150 (9th Cir. 2002) | 9 |
| *Dawavendewa v. Salt River Project Agriculture Improvement & Power District, supra,* 276 F.3d 1150, 1155 (9th Cir. 2002) | 13 |
| *Disabled Rights Action Committee v. Las Vegas Events, Inc.,* 375 F.3d 861 (9th Cir. 2004). | 4 |
| *Drankwater v. Miller,* 830 F. Supp. 188 (D.C.N.Y 1993) | 13 |
| *Eldredge v. Carpenters 46 Northern California Joint Apprenticeship & Training Commission,* 662 F.2d 534 (9th Cir. 1981). | 5 |
| *Francis Oil & Gas, Inc. v. Exxon Corporation,* 661 F.2d 873 (10th Cir. 1981). | 8 |

| | | |
|---|---|---|
| 1 | *Gonzales v. Metropolitan Transportation Authority,* 174 F.3d 1016 (9th Cir. 1999). | 4 |
| 2 | | |
| 3 | *Hammon v. Clayton,* 83 F.3d 191 (7th Cir. 1996). | 4 |
| 4 | *Harris Trust and Savings Bank v. Energy Assets International Corp.,* 124 F.R.D. 477 (E.D. La. 1989). | 9 |
| 5 | | |
| 6 | *Jaser v. New York Property Insurance Underwriting Association,* 815 F.2d 240 (2nd Cir. 1987). | 14 |
| 7 | *Johnson v. Smithsonian Institute,* 189 F.3d 180 (2nd Cir 1999). | 10 |
| 8 | *Knutzen v. Eben Ezer Lutheran Housing Center,* 815 F. 2d 1343 (10th Cir 1987). | 4 |
| 9 | | |
| 10 | *Local 670, United Rubber Workers v. International Union, United Rubber Workers,* 822 F.2d 613 (6th Cir. 1987). | 12 |
| 11 | *Makah Indian Tribe v. Verity,* 910 F.2d 555 (9th Cir. 1990). | 5 |
| 12 | *Makah Indian Tribe v. Verity,* 910 F.2d 555 (9th Cir. 1990). | 7 |
| 13 | | |
| 14 | *McLaughlin v. International Association of Machinists,* 847 F.2d 620 (9th Cir. 1988) | 5 |
| 15 | *Nike, Inc. v. Commercial Iberica de Exclusivas,* 20 F.3d 987 (9th Cir 1994), | 12 |
| 16 | | |
| 17 | *Northern Alaska Environmental Center v. Hodel,* 803 F.2d 466 (9th Cir. 1986) | 5 |
| 18 | *Northrop Corporation v. McDonnell Douglas Corporation,* 705 F.2d 1030 (9th Cir 1983) | 10 |
| 19 | *Provident Tradesmens Bank & Trust Company v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1967). | 5 |
| 20 | | |
| 21 | *Provident Tradesmens Bank & Trust Company v. Patterson,* 390 US 102, 88 S.Ct. 733 (1968). | 6 |
| 22 | *Rishell v. Jane Phillips Episcopal Memorial Medical Center,* 94 F.3d 1407 (10th Cir. 1996). | 11 |
| 23 | *Salt Lake Tribune Publishing Co., LLC v. AT&T Corp.,* 320 F. 3d 1081 (10th Cir. 2003); | 11 |
| 24 | | |
| 25 | *Shermoen v. United States,* 982 F.2d 1312 (9th Cir. 1992) | 9 |
| 26 | *Shimkus v. Gersten Cos.,* 816 F.2d 1318 (9th Cir. 1987). | 8 |
| 27 | *Sierra Club v. Watt,* 608 F. Supp. 305 (E.D. Ca 1985) | 7 |
| 28 | | |

| | |
|---|---:|
| *Smith v. United Brotherhood of Carpenters,*<br>685 F.2d 164 (6th Cir. 1982) | 5 |
| *United States v. Bowen,*<br>172 F.3d 682 (9th Cir. 1999) | 7 |
| *Virginia Surety Company v. Northrop Grumman Corporation,*<br>144 F.3d 1234 (9th Cir. 1989 | 12 |
| *Ward v. Deavers,*<br>203 F.2d 72 (D.C. Cir. 1953) | 9 |
| *Washington v. Daley,*<br>173 F.3d 1158 (9th Cir. 1999) | 8 |
| 28 U.S.C. Section 1332 (a) (1) | 1 |
| 7 Wright, Miller & Kane Federal Practice and Procedure Civil 3d | 14 |
| Rule 12 of the Federal Rules of Civil Procedure | 1 |

# INTRODUCTION

1. Milne, Mary Ann Milne (Milne) brings a motion to dismiss Plaintiff Trans Pacific Export LLC's (Transpac) complaint under two sections of Rule 12 of the Federal Rules of Civil Procedure. Milne claims that Transpac failed to join a party needed for just adjudication under FRCP Rule 19 and that under FRCP Rule 12(b)(7), the lawsuit cannot proceed without the joinder of an indispensable party. Under Milne's theory, if that indispensable party were to be joined, such joinder would destroy diversity jurisdiction and pursuant to FRCP Rule 12 (b)(1), the court would lack subject matter jurisdiction. Therefore, Milne argues this case has to be dismissed.

2. Milne's motion under Rule 19 should be denied. Milne seeks to join is *Triple J. Enterprises, Inc.*("Triple J"), which has no legal interest, nor has it claimed any substantive interest, in the lawsuit and its presence as a party in the lawsuit is not needed for just adjudication. Therefore, Triple J need not be joined as a party to the action under FRCP Rule 19.

3. Furthermore, Triple J was incorporated and was granted a charter in the Territory of Guam. Its principal place of business is in Guam. Under 28 U.S.C. Section 1332 (a) (1), Triple J is a citizen of Guam. Transpac is a citizen of Oregon. Milne is a citizen of the CNMI. Therefore, joinder of a Guam citizen pursuant to FRCP Rule 19 would not destroy complete diversity under 28 U.S.C. Section 1332. All of the plaintiffs would be of a different citizenship to all of the Defendants if Triple J was made a party plaintiff or a party Defendant. Under FRCP Rule 12(b)(1) the court would continue to have subject matter jurisdiction.

# RELEVANT FACTS

4. Milne is the owner of real property located in Garapan, Saipan. (Complaint ¶¶ 4-12).

5. On August 2, 1998, Milne leased the property to *Basic Construction Supply Corporation* ('Basic Construction") by a written instrument executed by Milne and Basic Construction. (Complaint ¶ 13).

1

6. On October 1, 2000, Basic Construction assigned its leasehold interest in the property to Transpac, which is the successor in interest to Basic Construction's rights and interests in the property with Milne. (Complaint ¶14).

7. Contained within the original lease agreement under Section 14, *Options*, Transpac was given an option to extend the lease for an additional 25 years. The pertinent language of section 14 is as follows:

> Lessee [Mary Ann Milne] hereby grants Sublessee options either to extend this Sublease for an additional twenty-five (25) years if Lessee timely extends her leases with Lessors as described herein on the same terms and conditions stated herein, excepting that the Sublease rental, commencing immediately after the first twenty-five (25) year term of this Sublease, shall be determined by mutual agreement of the parties based on the fair rental value of the Subleased Property according to the use made of it by Sublessee at the time the option is exercised . . ..

(Complaint ¶ 17).

8. The lease was to expire by its terms on January 31, 2005. In accordance with section 14 of the lease, timely written notice of the exercise of the option to extend the lease was given to Milne on September 27, 2004. (Complaint ¶ 18).

9. On February 11, 2005, after negotiating the rental amount with the authorized representative of Transpac, Milne agreed to a seven and one-half percent (7 ½ %) increase in the monthly rent for the first five years of the lease and a 15 percent increase for each successive 5 years thereafter. The agreed to rental amount for the first five years was $2,844.00 a month. The increased amount was to commence on February 1, 2005. (Complaint ¶ 21).

10. On May 11, 2005, an extended lease containing the new monthly lease amount was presented to Milne for her signature. (Complaint ¶ 25).

11. On June 13, 2005, Milne through her attorney, notified Transpac that she wanted more money for the rent of the premises than she had agreed to on February 11, 2005 and she also wanted a 35% share of the net profit from any transfer of the property. (Complaint ¶ 26).

12. On February 25, 2005, Transpac received an offer from Triple J to purchase an assignment of the lease. (Complaint ¶ 24).

13. On or about March 2, 2005, Transpac accepted the offer. (Complaint ¶ 24).

14. During the next several months, Transpac attempted to remove all clouds to the property title and to obtain from Milne an executed extended lease showing the new rental amount that had been negotiated.

15. On or about June 20, 2005, Triple J notified Transpac that because Transpac had been unable to deliver an assignment of lease to Triple J, it was suspending its efforts to obtain a leasehold interest in the property. (Complaint ¶ 27).

16. Triple J has no agreement, understanding, or contract with Milne to lease, occupy, or use the property. Triple J has no legal interest in the property; it merely has an anticipation that it may be able to purchase an assignment of the lease once the dispute between the parties to this lawsuit has been resolved.

17. Triple J has a separate and distinct contractual interest with Transpac and only with Transpac, to purchase an assignment. Triple J has no legal interest in the property for which it could or should be a party to this lawsuit.

## REAL PARTY IN INTEREST

18. In order for Transpac to bring a lawsuit, it must be the real party in interest with respect to the claim sued upon. The plaintiff must be the person who under the substantive law has the right to sue on a claim. From the facts alleged in the Complaint, the claims upon which Transpac is bringing this lawsuit are those which it, and it alone, has against Milne. No other nominal party has the substantive right to bring a lawsuit against Milne based upon the factual allegations of the Complaint. Transpac in this case has the right to sue and therefore is the real party in interest. *Allstate Insurance Company v. Hughes,* 358 F.3d 1089 (9th Cir. 2004). The complaint presents no other allegations which would give any absent party the right to sue either of the parties to this lawsuit.

3

## FRCP RULE 19 – JOINDER OF PARTIES
## TRIPLE J IS NOT A PARTY
## NEEDED FOR JUST ADJUDICATION

19. FRCP Rule 19 governs the circumstances under which persons must be joined as parties to the action. Under the rule, when feasible, persons should be joined when their absence will either materially reduce the likelihood that the court can provide justice for those already parties or be detrimental to the non-parties themselves. *Hammon v. Clayton,* 83 F.3d 191 (7th Cir. 1996).

20. Rule 19(a) requires joinder of parties once styled "necessary" and Rule 19(b) requires joinder of persons traditionally characterized as "indispensable." A "necessary" party refers to one who should be joined if feasible. An "indispensable" party refers to a person whose participation is so important to resolution of the case that, if not joined, the suit must be dismissed. *Disabled Rights Action Committee v. Las Vegas Events, Inc.,* 375 F.3d 861 (9th Cir. 2004). The necessary party label has been eliminated to emphasize that the real purpose of the rule is to bring before the court all persons whose joinder would be desirable for a just adjudication of the action and the term "indispensable" is used in Rule 19(b) only in a conclusory sense. *Confederated Tribes of Chehalis Indian Reservation v. Lujan,* 928 F. 2d 1496 (9th Cir. 1991).

21. There is no precise formula to be applied to determine whether a particular non-party must be joined under Rule 19(a). *Knutzen v. Eben Ezer Lutheran Housing Center,* 815 F. 2d 1343 (10th Cir 1987). The language of Rule 19(a) is the starting point for that determination but more than most Rules of FRCP, the application of Rule 19 is highly fact specific. *Gonzales v. Metropolitan Transportation Authority,* 174 F.3d 1016 (9th Cir. 1999). Once the issue of joinder is raised, the court must determine by a review of the facts whether the absent person's interest in the litigation falls under one or more of the tests set out in the first sentence of Rule 19(a):

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already

parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

22. To determine if the absent person joinder would be desirable for a just adjudication of the action to the suit, the court must undertake an initial two-part analysis. First the court must decide if complete relief is possible among those already parties to the suit. This analysis is independent of the question whether relief is available to the absent party. *Eldredge v. Carpenters 46 Northern California Joint Apprenticeship & Training Commission*, 662 F.2d 534 (9th Cir. 1981). Next, the court must determine whether the absent party has a legally protected interest in the suit. This interest must be more than a financial stake. *Northern Alaska Environmental Center v. Hodel*, 803 F.2d 466 (9th Cir. 1986), and more than speculation about a future event. *McLaughlin v. International Association of Machinists*, 847 F.2d 620 (9th Cir. 1988); *Makah Indian Tribe v. Verity*, 910 F.2d 555 (9th Cir. 1990).

23. If the court finds that a person is one who should be joined for a just adjudication of the action but he cannot be joined because joinder would divest the court of jurisdiction then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue. *Provident Tradesmens Bank & Trust Company v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1967).

## APPLYING THE FACTORS TO THE FACTS

### Relief Sought

24. In reviewing the factors found in Rule 19(a)(1) to determine whether a person should be joined in the lawsuit, the court first looks to whether any award for **relief sought** would effectively and completely adjudicate the dispute. If complete relief can be accorded among those who are already parties to the action, **joinder is not necessary**. *Smith v. United Brotherhood of Carpenters*, 685 F.2d 164 (6th Cir. 1982). The term "complete relief" refers only to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought. *Arkwright-Boston Manufacturing Mutual Insurance Company v. New York,* 762 F.2d 205 (2nd Cir 1985).

25. The Complaint in the instant case asks this court to determine the respective rights between Transpac and Milne under a lease between Transpac and Milne. The relief sought further asks for this court to declare that the property has an easement of right-of-way over property owned by Transpac; for the court to issue a declaratory judgment regarding language in the lease on the issue of net profits on a transfer of the lease; and for the court to determine that the fair rental value of the property was the amount agreed upon by the existing parties to the lawsuit when the option to renew the lease was exercised. The relief sought only involves the present parties to the lawsuit. This lawsuit is not a dispute that involves other persons or parties. Determining the respective rights of the parties based upon the relief sought by the Complaint would effectively and completely adjudicate the dispute between those who are already in the action. Once the court adjudicate the claims made in this lawsuit there is no other issue remaining under the lease. The dispute would be adjudicated.

26. In *Brewery District Society v. Federal Highway Administration*, 996 F. Supp. 750 (DC Ohio 1998), the plaintiff sought the court to enjoin the FHA from providing assistance prohibited under federal law and declaring the rights and responsibilities of the parties. The FHA and the City of Columbus Ohio had a joint plan to build entrance and exit ramps on the interstate highway to facilitate access to an arena being constructed by the city which it was alleged was a violation of federal law. Even though the FHA could not control the City of Columbus, the court held **it could provide the relief plaintiffs requested** – not to provide the City of Columbus assistance in the demolition of an historic building -- without the city being joined as a party. Joinder of the city was not required. In the instant case, this court can provide the full relief requested without any other person being joined as a party.

### Absent Person's Claim

27. The second of the Rule 19(a) tests for ordering joinder is two pronged: If the (i) **absent person has a claim of an interest** in the subject of the action and (ii) **any judgment rendered in its absence would impair its ability to protect that interest**, it should be joined if feasible. *Provident Tradesmens Bank & Trust Company v. Patterson*, 390 US 102, 88 S.Ct. 733 19 L.Ed 2 936 (1967). (After recovering judgment for wrongful death against car driver's estate,

6

plaintiff sued car owner's insurer for declaratory relief. The car owner should have been joined because he was exposed to personal liability in excess of the insurance coverage.) The person's claimed interest must be more than a financial stake and more than speculation about a future event. *Makah Indian Tribe v. Verity*, 910 F.2d 555 (9th Cir. 1990). And if that absent party is aware of the action and chooses not to claim an interest, joinder is not required. *United States v. Bowen,* 172 F.3d 682 (9th Cir. 1999).

28. In *Sierra Club v. Watt,* 608 F. Supp. 305 (E.D. Ca 1985) the Sierra Club brought an action against the Secretary of the Interior for the government's action of releasing wilderness land. Although the owners of the mineral rights to the land released had a clear interest in the land and a claim that their interest might be affected by the government release, they did not have to be joined because of their ownership of the mineral rights as the court found they were not affected by the order. Thus, even if a person who has not been made a party to the lawsuit has an interest in the land which was in dispute, if that person's interest is not going to be affected by an order of the court, he need not be joined as his absence would not impair his ability to protect that interest. *See Provident, supra.*

29. Milne's citation of *Burger King Corporation v. American National Bank and Trust Company of Chicago,* 119 F.R.D. 672 (N.D. Ill. 1988) is misplaced. In *Burger King*, Burger King by assignment was the tenant of property owned by American. A subtenant, Patel, of the premises sought to assign his leasehold interest in the property. Under the terms of its lease with American, Burger King sought permission for the sublessee to assign the sublease. American would not consent to the assignment and Burger King brought an action seeking declaration of its rights and obligations under its lease of premises. American then sent Burger King a notice of default claiming that Burger King had violated the lease by subleasing the premises to Patel without American's consent. Burger King amended its complaint to add a declaration that Burger King was not in default by virtue of the Patel sublease. As a subtenant of the premises, Patel, was deemed to be an indispensable party whose joinder was not feasible because as a citizen of Illinois his joinder would defeat the diversity jurisdiction of the court. The court found that the subtenant clearly had a legally protected interest in the premises by virtue of his sublease,

which was a conveyance of an interest in real estate. That if Burger King did not prevail in the lawsuit, Patel would be prohibited from assigning his sublease and if Burger King lost on the claim that it should not have sublet the premisses to Patel without American's consent, Patel's sublease could terminate. *Burger King,* 119 F.R.D. 672, 677.

30. The instant case is factually different. Patel had a sublease that he obtained by an executed assignment. Triple J has no assignment of lease and therefore has no similar interest in the demised premises as Patel. If Transpac were not to prevail in its lawsuit, Triple J would not lose any interest in any leasehold. If Transpac's lease is terminated in this lawsuit, Triple J's lease will not terminate as it has no present lease.

## Risk of Multiple Obligations

31. The final part of the tests of Rule 19(a) is that an absent party must be joined where a judgment rendered in its absence would leave any of the persons already parties subject to a **substantial risk** of incurring double, multiple or otherwise inconsistent obligation by reason of the absent party's claimed interest. *Shimkus v. Gersten Companies,* 816 F.2d 1318 (9th Cir. 1987). This risk must be substantial. There must be a real likelihood rather than a theoretical possibility that the existing parties would incur additional litigation risks. *Francis Oil & Gas, Inc. v. Exxon Corporation,* 661 F.2d 873 (10th Cir. 1981). See also *Aguilar v. Los Angeles County,* 751 F.2d 1089 (9th Cir. 1994). Milne has presented no facts to establish that she is subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligation by reason of a theoretical claimed interest of an absent person.

## ABSENT PARTY'S INTEREST IS ADEQUATELY REPRESENTED BY TRANSPAC

32. Even if an absent party's interest are at risk, some courts hold joinder is not required under FRCP 19 if his interest are being adequately represented by one of the existing parties. *Washington v. Daley,* 173 F.3d 1158 (9th Cir. 1999). In determining whether the representation is adequate, the courts must evaluate whether the existing parties will make all of the absent party's arguments; the existing parties are capable of making and willing to make such arguments; and the absent parties would offer any necessary element to the proceeding the

8

present parties would neglect. *Shermoen v. United States*, 982 F.2d 1312 (9th Cir. 1992). Milne has stated that Triple J's interest in this lawsuit is that it may purchase the assignment of lease once clouds have been removed from the title and the issues raised in the prayer for relief of the Complaint are resolved. Once the existing parties to this lawsuit reach a resolution of these disputes, Triple J may then go forward with its plans to obtain the leasehold interest. Any present interest that Triple J may have in the lawsuit is protected by Transpac who has the same reason to reach resolution with Milne to protect its leasehold interest. Any possible interest that Triple J has in this lawsuit is adequately protected by Transpac.

### THE LAWSUIT IS AN ACTION FOR A BREACH OF CONTRACT

33. The instant lawsuit is primarily an action for a breach of a lease which is a contract. The lawsuit has named only the persons to the contract and it has named as parties all of the persons to the contract. The claims made for the breach of contract involves only the persons to that contract. The ultimate relief sought in this case is to resolve the contractual dispute between a landlord and a tenant regarding the terms and conditions of the lease between the parties to that contract and who are named as the parties in the lawsuit. Milne is the landlord. Transpac is the tenant. There is no necessary, indispensable, or other classification of a party whose joinder is required for just adjudication.

34. As a general rule, courts construing contracts require that parties to the contract be joined. *Dawavendewa v. Salt River Project Agriculture Improvement & Power District*, 276 F.3d 1150 (9th Cir. 2002). Where interpretation of a contract is involved, parties to that contract must be joined. *Harris Trust and Savings Bank v. Energy Assets International Corp.*, 124 F.R.D. 115 (E.D. La. 1989); *Ward v. Deavers*, 203 F.2d 72 (D.C. Cir. 1953). All the parties to the contract have been joined in this case. That general rule of joinder of parties has been satisfied.

### Third Persons Who Were Not Signatories to the Contract

35. Triple J made an offer to purchase an assignment of Transpac's leasehold interest in Milne's property. That separate and independent agreement between Triple J and Transpac does not implicate issues raised in this lawsuit. Joinder of Triple J therefore, is not required for a full adjudication of the lawsuit and it should not be joined as a party to the lawsuit. In *Davis*

*Companies v. Emerald Casino, Inc.*, 268 F.3d 477 (7th Cir. 2001), a corporation brought an action against a casino alleging a breach of an oral contract. The third person sought to be joined was found to be an investor. Any agreement that he had was separate from the underlying contract sued upon, and therefore the investor was found to have no interest in the subject matter of the lawsuit.

36. Triple J may have information and evidence that both of the parties to the lawsuit may wish to discover. However, a person is not a "necessary" party for FRCP Rule 19 purposes merely because the existing parties need to obtain evidence from it. *Johnson v. Smithsonian Institute*, 189 F.3d 180 (2nd Cir. 1999). Obtaining that evidence may be accomplished without joinder.

37. In *Northrop Corporation v. McDonnell Douglas Corporation*, 705 F.2d 1030 (9th Cir. 1983), a defense contractor sued another defense contractor arising out of contractual agreements to develop military aircraft for the US Government. The lawsuit involved a claim of fraud, breach of contract, economic coercion, refusal to deal, unfair competition, and industrial espionage. In denying a motion to require the U.S. Government's joinder, the Court ruled that Government was not a necessary party. In doing so, the court held that "a non-party to a commercial contract ordinarily is not a necessary party to an adjudication of the rights under the contract." *Supra page 1033.*

38. In *Challenge Homes, Inc. v. Greater Naples Care Center, Inc.*, 669 F.2d 667 (11th Cir. 1982), a suit seeking cancellation of a lease, an accounting, and damages for profit from a lease, the court held that the plaintiff's former president and board chairman was not a person who should be joined since the only persons with any interest in the lease were the parties before the court. The lease was between the named parties of the lawsuit. Plaintiff could be granted complete relief without joining the former president. A judgment against plaintiff for cancellation of the lease and an accounting would have no effect, on the former officer and he was not a necessary party under Rule 19(a).

## FACTS MUST BE EVALUATED
## AT THE TIME THE LAWSUIT WAS FILED

39.     In making the determination whether a party should be joined, the court must evaluate the facts as they existed when the case was filed. *Salt Lake Tribune Publishing Co., LLC v. AT&T Corp.*, 320 F. 3d 1081 (10th Cir. 2003); *Associated Dry Goods Corp. v. Towers Financial Corp.*, 920 F. 2d 1121 (2nd Cir, 1990). At the time the time this instant case was filed in October 2005, Triple J had no legal interest in the lease held by Transpac. No assignment of a leasehold interest in the property had been made. Triple J was not in possession of any part of the property. It had an expectation that if Transpac was able to clear the problems with title to the property, determine the exact boundaries of the property, and confirm by written extension of lease the monthly rental amounts for the term of the lease, it could purchase the lease by assignment. The time for the completion of the clearing of the clouds was the end of March, 2005. Those contingencies had not occurred by October 2005, the time when the case was filed.

40.     Whether third parties may ultimately take possession of the land through a subsequent assignment of lease is not before the court in this lawsuit. Any agreement between Triple J to lease the property from either Transpac or directly from Milne after this lawsuit is resolved is not raised in the complaint and should not be determined by this court in this lawsuit. As stated by Milne in her moving papers, Triple J may ultimately "end up with the sublease from Mary Ann Milne.. . ." (Motion page 5), but that possibility does not make Triple J a necessary party for which joinder under Rule 19 is proper.

## TRANSPAC, A CITIZEN OF ANOTHER STATE,
## HAS THE FEDERAL RIGHT TO BRING ITS LAWSUIT
## IN THE FEDERAL COURTS
## UNDER FEDERAL DIVERSITY JURISDICTION

41.     Milne alleges that Transpac should be required to bring this action in the CNMI Superior Court. Milne states that there is nothing stopping Transpac from proceeding with its claim against Milne in the Superior Court of the Commonwealth of the Northern Mariana Islands. The existence of an alternative forum is no reason why the action should not proceed among the parties already before this court. *Rishell v. Jane Phillips Episcopal Memorial Medical Center*, 94

11

F.3d 1407 (10th Cir. 1996). The potential existence of another forum does not, in and of itself, outweigh a plaintiff's right to the forum of his choice. *Local 670, United Rubber Workers v. International Union, United Rubber Workers,* 822 F.2d 613 (6th Cir. 1987).

42. Milne cites three Ninth Circuit appellate court decisions as her grounds why this lawsuit should be dismissed. None of these cases are on point.

43. In *Nike, Inc. v. Commercial Iberica de Exclusivas,* 20 F.3d 987 (9th Cir. 1994), *Nike* obtained an assignment of contractual rights from its subsidiary and commenced the lawsuit against the other contracting party. Absent the assignment, the presence of the subsidiary in the lawsuit would defeat diversity jurisdiction. The court found that Nike had not established sufficient compelling business reason to overcome the presumption that a transfer to it from its wholly owned subsidiary represented a collusive attempt to obtain diversity jurisdiction for that reason the court found no jurisdiction. This case is not factually similar to the instant lawsuit.

44. In *Virginia Surety Company v. Northrop Grumman Corporation,* 144 F.3d 1234 (9th Cir. 1989), neither plaintiff nor defendant were signatories to a contract that was in dispute in the lawsuit. *Virginia Surety* had filed a lawsuit in Bermuda against one of the signatories of the contract and that case was regularly proceeding in that foreign jurisdiction court. The district court found that the signatory party to the contract that was the subject of the lawsuit was an indispensable party and to avoid conflicting decisions between the district court and the Bermuda court the federal case was dismissed. This case is not on point.

45. In *Anrig v. Ringsby United,* 603 F.2d 1319 (9th Cir 1978), a group of 14 married couples of multiple state citizenship brought suit against two corporations and 11 individual defendants of various residences regarding leases of tractor-trailer highway rigs. The District Court dismissed for a lack of venue. The Appellate Court found that there was a complex web of jurisdiction and venue issues which required extraordinary efforts by the court to preserve the lawsuit rather than complete dismissal of the case. No complex diversity questions exist in the instant case.

46. Milne has not shown why this lawsuit should not continue in the District Court nor has she shown any authority to require a dismissal.

## THE POSSIBILITY THAT TRIPLE J ENTERPRISES MAY HAVE A POTENTIAL CLAIM FOR THE TORT OF INTERFERENCE OF CONTRACT IS NOT SUFFICIENT BASIS TO JOIN IT IN THIS LAWSUIT

47.     Milne raises the issue of multiple litigation as a basis for joinder of Triple J in this lawsuit. The bases that reasoning on Transpac's allegations that Milne interfered with Transpac's separate contractual negotiations for the assignment of lease with Triple J by Milne's refusal to sign the extended sublease agreement. Milne concludes in her motion that Triple J could just as easily sue Milne for interfering with the same contract. (Motion to page 9).

48.     Triple J has not made a claim that Milne interfered with its contractual negotiations with Transpac. Milne is making the claim on behalf of the absent person and attempting to raise that as an issue. She is speculating that in the future Triple J might bring a tort action against her. This is not a sufficient claim of an interest by Triple J in the subject of this current lawsuit to warrant joinder. In an action to enjoin interference with a contract, the party prevented from performing the agreement – presumably Triple J – need not be joined since that party's interests are not directly at stake and effective relief can be awarded without him. *Arkansas v. Texas,* 346 U.S. 368, 74 S.Ct. 109, 98 L.Ed 80 (1953).(The controversy was between Arkansas and Texas. The issue was whether Texas was interfering unlawfully with Arkansas's contract. Texas unsuccessfully argued that the party contracting with Arkansas must be joined.)

49.     In *Drankwater v. Miller,* 830 F. Supp. 188 (D.C.N.Y 1993), a former employee brought an action for tortuous interference with contract. The defendants sought to dismiss for failure to join an indispensable party whose presence would divest the court of diversity jurisdiction. The defendants to the lawsuit made claims that if the third person was not joined they would be risking incurring double, multiple or otherwise inconsistent obligation by non joinder. The court held that the possibility of further lawsuits were too speculative to warrant dismissal for failure to join despite allusion to the possibility that the absent person might sue the parties in the future. (See *Dawavendewa v. Salt River Project Agriculture Improvement & Power District, supra,* 276 F.3d 1150, 1155 (9th Cir. 2002)). The court stated that as a general rule, in determining whether a party is indispensable, the preference is for non-dismissal. That very few

13

cases should be terminated due to the absence of nondiverse parties unless there has been a reasoned determination that their nonjoinder makes just resolution of the action impossible. *Jaser v. New York Property Insurance Underwriting Association,* 815 F.2d 240 (2nd Cir. 1987). Rule 19 should be applied narrowly. *Drankwater, supra,* page 191.

50. The key is whether the possibility of being subject to multiple obligations is real. An unsubstantiated or speculative risk that Milne will be subjected to double, multiple or otherwise inconsistent obligation by non joinder will not satisfy the Rule 19(a) criteria. 7 Wright, Miller & Kane Federal Practice and Procedure; Civil 3d section 1604 page 64.

## CONCLUSION

Milne has brought this motion not for the purpose of protecting her interest or any interest of any other person. It was brought for the sole purpose of attempting to divest this court of subject matter jurisdiction by attempting to defeat diversity jurisdiction. The facts underlying the basis for the relief sought do not support joinder of another person. The motion should be denied.

Dated: December 15, 2005

Respectfully submitted,

SMITH & WILLIAMS
Attorney for Plaintiff

By: _____
ERIC S. SMITH