*ORIGINAL*

**MICHAEL W. DOTTS, Esq.**
**O'Connor Berman Dotts & Banes**
**Second Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP 96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**

F I L E D
Clerk
District Court

DEC 2 2 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

*Attorneys for Defendant Mary Ann S. Milne*

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| TRANS PACIFIC EXPORT COMPANY, LLC, | ) **CIVIL CASE NO. 05-0032** |
| | ) |
| Plaintiff, | ) **REPLY TO MEMORANDUM IN** |
| | ) **OPPOSITION OF MOTION TO** |
| vs. | ) **DISMISS** |
| | ) |
| MARY ANN S. MILNE, | ) |
| | ) **Date:  December 29, 2005** |
| Defendant. | ) **Time:  9:00 a.m.** |
| | ) **Judge:  Alex R. Munson** |
| | ) |

**I.**

**INTRODUCTION**

Plaintiff opposes Defendant's Motion to Dismiss by ignoring a large part of Plaintiff's own Complaint. Trying to have its cake and eat it too, Plaintiff asserts in its Opposition that this entire matter concerns a contract formed solely between it and Defendant Mary Ann S. Milne ("Mrs. Milne") while still claiming that interference with another contract caused a significant amount of damage. Because that second contract remains in issue and because the Interference with Contract claim has not been dropped, Triple J remains a necessary party.

Plaintiff does make a bare averment that Triple J Enterprises, Inc. is a Guam corporation. But notably, Plaintiff does not provide the contract that identifies whether it is Triple J Enterprises, a company that is not licensed to do business in the Commonwealth, or Triple J Saipan, Inc., a Commonwealth company that has been involved in 19 real estate transactions on Saipan, that is Plaintiff's actual contractual partner. Thus, Plaintiff has failed to provide any affirmative evidence that diversity jurisdiction exists as to this matter, and therefore, has failed to meet its burden required to sustain the same. For these reasons, this Court should grant Mrs. Milne's Motion in full and dismiss this matter for want of jurisdiction.

1

**II.**

**ARGUMENT**

**A.    More Than One Contract, And More Than One Set Of Rights Are In Issue Here**

Plaintiff's Opposition to this Motion requires that this Court ignore one of the claims in Plaintiff's Complaint that is the source of a large portion of the damages that Plaintiff seeks. The Interference with Contract claim is pled as the Third Cause of Action. Ignoring this cause of action without requiring its dismissal would allow the Plaintiff to improperly maintain diversity jurisdiction and defeat the entire purpose of the provisions for impleader found under Federal Rule of Civil Procedure, Rule 19. But this Court should not blind itself to what has been plead in the Complaint. Unless the Third Cause of Action is dismissed as a claim in this case, the entire case must be dismissed because a necessary and indispensable party to the Third Cause of Action defeats diversity jurisdiction.

**1.    By Plaintiff's Own Allegations, Another Contract Is Implicated**

While the gravaman of Plaintiff's Opposition is that one, and only one, contract is at issue in this lawsuit, this position ignores outright Plaintiff's Third Cause of Action. Paragraphs 46 through 51 of Plaintiff's Complaint (entitled "Interference With Contract") allege in great detail how Mrs. Milne's actions "interfered with Plaintiff's contractual transaction with Triple J Ent., Inc." Complaint at paragraph 50.

Plaintiff furthermore contends, in its Interference with Contract Claim, that it "suffered damages in an amount to be proven at trial." *Id* at paragraph 51. Plaintiff then prays for relief for this, and other causes of action, to the tune of one and a half million dollars ($1,500,000.00). Complaint at 17. Certainly Plaintiff seeks recompense for the business deal that it alleges floundered because of Mrs. Milne's actions.

After carefully pleading the Interference with Contract Cause of Action, however, Plaintiff disregards it entirely for the purposes of this Motion. While it may be true that "Triple J has no agreement, understanding or contract with [Mrs. Milne]...",[1] the idea that the Complaint "presents no other allegations which would give any absent party the right to sue either of the parties to this lawsuit" conveniently ignores the claim for Interference with Contract. Each portion of Plaintiff's "Applying The Factors To The Facts" section of the Opposition assumes that the only contract at issue is in this case, and that the one contract is between Plaintiff and Mrs. Milne only.

What then of the claim for Interference with Contract?

If, as we must do when examining the sufficiency of a Complaint, we take all allegations therein as true, *there existed a contractual relationship between Triple J and the Plaintiff that was harmed by Mrs. Milne's actions.* In that instance, both Plaintiff and Triple J are parties to the wronged contractual relationship, and therefore *both Triple J and Plaintiff could sue for its demise. See generally, Goodall v. Columbia Ventures, Inc.*, 374 F.Supp. 1324, 1332 (D.C.N.Y.

---

[1] Opposition at paragraph 16.

3

1974) (recognizing standing to sue when one is a party to a contract) *Nauslar v. Coors Brewing Co.* 170 S.W.3d 242, 251 (Tex.App.-Dallas 2005) (denying standing to a party that was not a party to the wronged contract).

If, however, Plaintiff would voluntarily dismiss its claims for Interference with Contract, there would be no other contract implicated and the bulk of the issues raised in this Motion would be moot. Barring such a dismissal, the contractual rights sought to be vindicated under Plaintiffs cause of action for Interference with Contract cannot be ignored.

### 2.  All Parties To All Contracts So Implicated Should Be Joined

Assuming that Plaintiff will not voluntarily dismiss its claim for "interference with contract,"[2] this Court should fully consider this other contract in the context of this Motion. As more fully explained in Mrs. Milne's Memorandum in Support of this Motion, Triple J is a necessary and indispensable party that should be joined in this suit. As Mrs. Milne pointed out in her Memorandum in Support of this Motion, the Ninth Circuit has unequivocally outlined the appropriate formula for District Courts to determine whether or not a party is necessary under Rule 19 in the case of *Virginia Sur. Co. v. Northrup Grumman* Corp., 144 F.3d 1243 (1998). Additionally, the four factors to be considered in determining the indispensable nature of a third-party were expressed by the United States Supreme Court in *Provident Tradesmens B& T Co. v. Patterson*, 390 U.S. 102 (1968).  The roadmap laid out in these two cases leads to a determination in logical and ordered steps. Instead of picking and choosing the questions asked

---

[2] Mrs. Milne assumes that Plaintiff will maintain this cause of action because it is from this claim that a large portion of Plaintiff's alleged damages flow.

in this analysis (as Plaintiff seems to do in its Opposition), the better reasoned approach would be to follow the course set by higher Courts in order to reach the just conclusion.

Furthermore, and again assuming that Plaintiff wishes to maintain its claim for Interference with Contract, the question of who is necessary and indispensable in the context of such a claim has been raised before and addressed by other courts. In *Ente Nazionale Idrocarburi v. Prudential Securities Group Inc.*, 744 F.Supp. 450 (S.D. N.Y. 1990), an American securities trader was sued by an agency of the Italian government for interference with a joint venture agreement between it and a third party. The court in *Ente Nazionale Idrocarburi* held that the other parties to this allegedly interfered with contract were necessary and indispensable parties using the tests outlined above. *Id* at 456-461. The court in *Ente Nazionale Idrocarburi* recognized that to prove a case for interference with contract, the party claiming such a wrong must "show that, but for the unlawful actions of [the defendant] the contract would have been performed. *Id* at 460 "(internal citations omitted)." Furthermore, the court found that this "type of tort alleged is so entangled with and, in fact, derived from the contractual relationship that [it] would be compelled to adjudicate the breach of contract claim while deciding the [interference with contract] claim." *Id.*

Here, it is evident that to adjudicate the claim of interference with contract as against Mrs. Milne, Plaintiff would have to prove, among other things, that a viable contract existed as between Triple J and Plaintiff. Additionally, this Court would have to adjudicate the question of whether or not that contract was breached. ***Both of these questions implicate the rights of Triple J.*** Furthermore, the assertion that the "Absent Party's Interest Is Adequately Represented By Transpac" ignores the very real possibility that in answering these questions regarding the

5

contract between Plaintiff and Triple J, *that their relationship may be adversarial.* Triple J has made no appearance in this action. Indeed, Triple J could very well be entirely ignorant of the existence of this suit. Why risk irreparable prejudice to an absent party when they should, and very easily could, be joined in a proceeding in the Commonwealth Superior Court?

The risks of prejudice to the absent party (and to Defendant) being so grave, and the ease with which the absent party can be made part of any such proceeding being so distinct, this Court should hold that in the interests of justice, Triple J should be joined as a necessary and indispensable party.

**B.     Will The Real Triple J Please Stand Up?**

Plaintiff has failed to demonstrate that it enjoys jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. It is Plaintiff's job to prove that diversity of citizenship exists, and not Mrs. Milne's job to *disprove* that such jurisdiction exists. Put simply, "the party asserting diversity jurisdiction bears the burden of proof." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Additionally:

> [t]he authority which [28 U.S.C. 1332] vests in the court to enforce the limitations of its jurisdiction *precludes the idea that jurisdiction may be maintained by mere averment* or that the party asserting jurisdiction may be relieved of his burden by any formal procedure (emphasis added).

*Id* at 751 quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Plaintiff has done nothing other than to aver that the Triple J with which it sought to contract (Triple J Ent. Inc.) is a corporation organized under the laws of, and primarily operating

6

in, the Territory of Guam.  This averment, taken on face value, would preserve diversity jurisdiction even if Triple J were a necessary and indispensable party.  However, with even a modicum of research, the assertion that Triple J Ent. Inc. is the "Triple J" that Plaintiff dealt with, is called starkly into question.

Counsel for Mrs. Milne undertook to determine if Triple J Ent. Inc. is authorized to do business within the Commonwealth of the Northern Mariana Islands.  *See* Declaration of George L. Hasselback, filed herewith at paragraph 3.  Commonwealth law at 4 CMC § 4693 requires that ". . . each foreign corporation authorized to transact business in the Commonwealth, shall deliver to the Registrar of Corporations for filing an annual report . . ."  Pursuant to this requirement, Mrs. Milne's attorneys contacted the Registrar of Corporations and secured copies of all "Annual Corporation Reports" for any corporation, foreign or domestic, operating within the CNMI under any iteration of the name "Triple J."  *See* Hasselback Decl. at paragraph 3. Four such corporations were found, none of which are Triple J Ent, Inc.  *Id.*  So then, to contract with Plaintiff, lease land in the CNMI and do business here, either Triple J Ent., Inc. was acting contrary to CNMI law, or some other branch of the Triple J "tree" was the actual entity for which this contract was sought.

In an attempt to identify which "Triple J" was the "Triple J" interested in the property in question, Mrs. Milne's attorneys performed a brief search of land encumbrances as recorded with the CNMI Office of Public Records.  *See* Hasselback Decl. at paragraph 2.[3]  There they

---

[3] This Court may take judicial notice of these land title records as well as the corporate annual reports and is requested to do so pursuant to Rule 201, Fed. R. Evid. They are public records

found no less than nineteen (19) commercial leases, subleases and ground leases all executed in the name of Triple J Saipan, Inc. (one of the domestic "Triple J's" who filed an Annual Corporation Report), or Triple J Saipan Corporation (presumably either a misnomer or a previous incarnation of Triple J Saipan, Inc.). *See* Hasselback Decl. at paragraph 2. In fact, one of the leases was an agreement with Mrs. Milne ***for a portion of the property at issue in this case.*** *Id.* Certainly Triple J Saipan, Inc. has, and continues to, secure property for commercial exploitation in the CNMI, while Triple J Ent., Inc. has not even filed the appropriate documents to do business here.

So then, doubt has been cast upon the claim that diversity jurisdiction in this matter would exist regardless of the presence of the other party to Plaintiff's allegedly injured contract. Additionally, Plaintiff, as the party asserting diversity jurisdiction, bears the burden of proof of its existence. Again, if Plaintiff wishes to maintain its cause of action for Interference with Contract, it must do something more than simply aver that it happened. Either Plaintiff should produce whatever the actual contract is that it had, or some other evidence of contractual obligations, and therefore put to rest the issue of with whom this contract was formed, or dismiss with prejudice its claim for Interference with Contract.

maintained by the local government within this jurisdiction and are subject to a hearsay rule exception. Rule 803(8), Fed. R. Evid.

8

## III.

## CONCLUSION

Plaintiff cannot claim specific causes of action in its Complaint only to ignore them when they result in this Court losing jurisdiction. If Plaintiff truly has a valid cause of action for interference with contract, the risks involved, to Plaintiff, Mrs. Milne and the absent party to the contract, demand that that party be impled into this action and the matters resolved in one case. However, it certainly does appear that this necessary and indispensable party destroys the sole jurisdictional basis for this matter and requires dismissal of this case. For this reason, this Court should grant Mrs. Milne's Motion in full and dismiss this case so that it can be tried in an appropriate forum.

Dated  : December 22, 2005

Respectfully submitted,

O'CONNOR BERMAN DOTTS & BANES
Counsel for Defendant Mary Ann Milne

By: _____
Michael W. Dotts (F0150)

K:\Jude\PLEADINGS\2018-04-051222-Reply2Opposition-jom.doc

9