ORIGINAL

1

MICHAEL W. DOTTS, Esq. - # F0150 (NMI)
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

2

3

4

F I L E D
Clerk
District Court

MAR 0 7 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

5

6

*Attorneys for the Defendant*

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

9

10

11

TRANS PACIFIC EXPORT
COMPANY LLC,

12

Plaintiff,

13

vs.

14

MARY ANN S. MILNE,

15

Defendant.

16

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO. 05-0032


ANSWER, COUNTERCLAIM AND
DEMAND FOR JURY TRIAL

17

18

19

20

21

22

23

24

25

26

27

28

# I.

## ANSWER

COMES NOW Mary Ann S. Milne (the "Defendant"), and for her Answer to the Complaint, states as follows:

### A.    Jurisdiction and Parties

1.    Defendant admits the allegations contained in paragraphs 1, 2 and 3 of the Complaint in accordance with the denial of Defendant's Motion to Dismiss for Failure to Join Necessary or Indispensable Party.

### B.    Facts and Matters of Public Record

2.    Defendant admits the allegations made in paragraphs 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 17, 31, 66, 67, 68, 69, 75, 76, 77, 80, 81, 82, 86, 99, and 139 of the Complaint to the extend that the allegations correctly reflect the contents of the public records referred to. The title documents are the best evidence and if the allegations in the Complaint do not accurately reflect the contents of the title documents cited, the allegations are denied on that basis.

3.    With regard to this allegations made at paragraphs 16, 19, 23, 24, 27 and 28 of the Complaint, Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations, and denies the same on that basis.

4.    As a further response to paragraphs 17 and 31, the phrase "pertinent part" is argumentative and Defendant denies that one clause of the Lease is more "pertinent" than another.

5.    With regard to paragraphs 18, 20, 21, 22 and 26, Defendant denies the allegations.

6.    With regard to paragraphs 25 and 29 of the Complaint, Defendant admits the allegations.

7.    As a further response to paragraph 15, Defendant lacks information sufficient to form a belief as to whether "Plaintiff is a successor in interest to Basic Construction Supply Corporation's rights and interests." This allegation also calls for a legal conclusion. Plaintiff may be a successor to Basic Construction's liabilities as well or may only be a creditor. On this basis, the allegation is denied.

**C.    First Cause of Action**

8.    Defendant denies the allegations made paragraphs 32, 33, 34, 35, 36, 37 and 38 of the Complaint.

9.    In further response to paragraph 32, Defendant admits that a notice was sent but denies that the notice was legally affective.

//

10.    In further response to paragraphs 33 and 34, Defendant admits to receiving rent at the agreed – to increased amount. However, Defendant denies that she agreed that the increased amount was to apply to the entire term of the new lease that the Plaintiff proposed. The parties agreed to an increased amount for rent while the parties determined what the correct amount would be to pay for the period covered by the option. No agreement was ever reached on what the new rent would be.

**D.    Second Cause of Action**

11.    Defendant denies the allegations made in paragraphs 42, 43, 44 and 45 of the Complaint.

12.    Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations made in paragraphs 40 and 41 of the Complaint, and denies them on that basis.

**E.    Third Cause of Action**

13.    Defendant denies the allegations made in paragraphs 48, 49, 50 and 51 of the Complaint.

14.    Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations made in paragraph 47 of the Complaint, and denies the same on that basis. Defendant denies that an agreement was reached with regard to the monthly rent.

3

**F.    Fourth Cause of Action**

15.    Defendant denies the allegations made in paragraphs 53, 54 and 55 of the Complaint.

**G.    Fifth Cause of Action**

16.    Defendant admits the allegations made at paragraph 59 of the Complaint.

17.    Defendant denies the allegations made in paragraphs 58, 61, 62, 63 and 64 of the Complaint.

18.    The Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations made at paragraphs 57 of the Complaint, and denies the same on that basis.

**H.    Sixth Cause of Action**

19.    Defendant denies the allegations made at paragraphs 70, 71 and 78 of the Complaint.

20.    The Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations made at paragraphs 72 of the Complaint, and denies the same on that basis.

21.    In further response to paragraph 68, Joseph Reyes' status and Defendant's "common law husband" is argumentative and calls for a legal conclusion. Defendant is aware that common law marriage is not recognized in this jurisdiction.

4

**I.      Seventh Cause of Action**

22.     Defendant denies the allegations made at paragraphs 79 and 84 of the Complaint.

23.     With regard to the allegations made at paragraph 78, 79, 81 and 83 of the Complaint, the allegations set forth legal conclusions and are denied on that basis.

**J.      Eighth Cause of Action**

24.     With regard to the allegations made at paragraphs 87, 88 and 96 of the Complaint, the Lease speaks for itself with regard to the rights of the Defendant. The Lease does not incorporate a definition set forth in Black's Law Dictionary. It is Defendant's position that the Plaintiff is attempting to avoid paying a lawful obligation by filing this lawsuit.

25.     With regard to the allegations made at paragraphs 89, 90, 91, 92, 93, 94 and 95, the Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations, and denies the same on that basis.

**K.      Ninth Cause of Action**

26.     Defendant denies the allegations made at paragraphs 98, 100, 103, 104, 105, 106 and 107 of the Complaint.

//

27.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations made at paragraphs 101 and 102 of the Complaint and denies the same on that basis.

**L.      Tenth Cause of Action**

28.     Defendant admits the allegations made at paragraphs 116 and 119 of the Complaint.

29.     Defendant denies the allegations made at paragraphs 109, 111, 113, 115, 118, 121, 122 and 123 of the Complaint.

30.     Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations made at paragraphs 110, 112, 114, 117 and 120 of the Complaint and denies the same on that basis.

**M.     Eleventh Cause of Action**

31.     Defendant denies the allegations made at paragraphs 125, 126, 127, 128 and 129 of the Complaint.

**N.      Twelfth Cause of Action**

32.     Defendant admits the allegations made in paragraph 133 of the Complaint.

33.    Defendant denies the allegations made at paragraphs 131, 134, 135, 136 and 137 of the Complaint.

34.    Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations made at paragraph 132 of the Complaint and denies the same on that basis.

**O.    Thirteenth Cause of Action**

35.    Defendant admits the allegations made in paragraph 140 of the Complaint.

36.    Defendant denies the allegations made at paragraph 141 of the Complaint.

**P.    Other Allegations and Prayer for Relief**

37.    Defendant denies all allegations not specifically admitted including allegations incorporated by reference through paragraphs 4, 30, 39, 46, 52, 56, 65, 74, 85, 97, 108, 124, 130 and 138 of the Complaint.

38.    Defendant denies that Plaintiff is entitled to the relief prayed for.

//

//

## II.

### AFFIRMATIVE DEFENSES

FOR HER AFFIRMATIVE DEFENSES, Defendant states as follows:

1.    The Complaint fails to state a claim for relief.

2.    The claims related to interference with contract are barred by judicial estoppel.

3.    Plaintiff failed to properly exercise the option.

4.    Conditions precedent to the right to exercise the option did not arise.

5.    Plaintiff's predecessor breached the Lease so as to now bar Plaintiff from exercising option.

6.    To the extent that Plaintiff is claiming adverse possession, the required time has not passed and Plaintiff's occupation of the premises was by permission.

7.    Plaintiff is equitably estopped from taking advantage of the Lease between Defendant and Basic Construction.

//

//

8

## III.

## COUNTERCLAIM FOR QUIET TITLE

COMES NOW Mary Ann S. Milne, and for her Counterclaim, alleges as follows:

**A.    Jurisdiction and Venue**

1.    This is a civil action in which the Court has diversity jurisdiction pursuant to 28 U.S. C.A. §1332 as Plaintiff/Counter-defendant is a corporation existing under the laws of Oregon, with its principal place of business in Oregon, while Defendant/Counterclaimant is a resident of the CNMI. The matter in controversy involves a sum, which exclusive of interest and costs, is in excess of $75,000.00.

**B.    Parties**

2.    Plaintiff/Counter-defendant, Trans Pacific Export Company LLC ("Counter-defendant"), is at all relevant times a limited liability company organized under the laws of the State of Oregon, with its principal place of business in Oregon.

3.    Defendant Mary Ann S. Milne, ("Counterclaimant"), is and was at all relevant times, is a U.S. Citizen domiciled in and a citizen of the Commonwealth of the Northern Mariana Islands and doing business in the CNMI.

//

9

**C.      Facts**

4.      On August 2, 1990, Counterclaimant entered into a Sublease with Basic Construction Corporation (the "Lease").

5.      On September 27, 2004, Basic Construction, through counsel, advised that it was exercising the option contained in the Lease to continue the Lease for an additional 25 years.

6.      The Option was conditional in nature. It required Counterclaimant to "timely extend her leases with Lessors."

7.      Counterclaimant did not timely extend her leases with Lessors.

8.      Following the notice that Basic Construction provided on September 27, 2004, negotiations for a new lease between Counterclaimant and Counter-defendant commenced.

9.      Counter-defendant insisted that new terms be included in a new lease for the option period.

10.      While the parties negotiated, Counter-defendant paid Counterclaimant rent for use of the premises until a new lease could be agreed to.

11.      No new agreement on a lease was reached by the end of October, 2005.

12. During the course of the negotiations, it was disclosed to Counterclaimant that Basic Construction had assigned its interests to Plaintiff in 2000.

13. Basic Construction breached the Lease in 2000 by not tendering to Counterclaimant 35% of the net proceeds from the assignment to Plaintiff as was required by the Lease.

14. On November 3, 2005, Counterclaimant advised Counter-defendant that she was no longer willing to lease her property to Counter-defendant and gave notice to Counter-defendant to vacate the premises.

15. Counterclaimant, after November 3, 2005, refused the tender of further rent from Counter-defendant and demanded the return of her property.

16. Counter-defendant has refused and continues to refuse to vacate the property.

**D.    Cause of Action – Quiet Title**

17. Counterclaimant incorporates by reference, as if set forth in full here, the allegations made in paragraphs 1 through 16 of this Counterclaim.

18. The option to extend the Lease does not vest in Counter-defendant any title or interest in the premises for the following reasons:

//

11

a.    Basic   Construction   breached   the   Lease   in   2000   by   failing   to   pay Counterclaimant consideration due under the Lease for the assignment to Counter-defendant;

b.    The exercise of the option on September 27, 2004 by Basic Construction was invalid because Basic no longer held title to or any interest in the Lease;

c.    Conditions precedent to the exercise of the option in the form of the renewal of Counterclaimant's leases did not arise; and

d.    Counter-defendant rejected the lease terms as set forth in the option by proposing new additional terms.

19.    Counter-defendant has no right or title to the premises as described in the Lease.

20.    Counterclaimant is entitled to the quiet enjoyment of her property, free and clear from any claims of Counter-defendant.

21.    Counter-defendant has used Counterclaimant's property since November 3, 2005, without payment rent.

22.    In the alternative, if Counter-defendant does have any right or title in the property as a result of the option, the exact terms of the Lease must be complied with and Counter-defendant is not entitled to a lease on any new or additional terms.

WHEREFORE, Mary Ann S. Milne Prays for Relief as follows:

1.      That Plaintiff takes nothing by virtue of its Complaint;

2.      For a declaration of quiet title that Plaintiff has no interest in the premises or the Lease;

3.      For damages for Plaintiff's continued use of the premises after November 3, 2005, in an amount to be proven at trial;

4.      For attorney fees and costs; and

5.      For such other relief as is just and proper.

## IV.

## JURY DEMAND

Mary Ann S. Milne demands trial by jury on all claims and defenses related to the Complaint and on her Counterclaim.

Dated: March 7, 2006.

Respectfully submitted,
O'CONNOR BERMAN DOTTS & BANES
Attorneys for Mary Ann S. Milne

By: _____
MICHAEL W. DOTTS  (F0150)

K:\2000\2018-04 Milne\PL\draft\Answer-060307-jom.doc

13